## GUMB *v.* TWENTY-THIRD ST. RY. CO.

(*Superior Court of New York City, General Term.* March 4, 1890.)

1. HORSE AND STREET RAILROADS—COLLISION—NEGLIGENCE—INSTRUCTIONS.
   In an action for injuries sustained in a collision between plaintiff's wagon and defendant's horse-car, defendant requested an instruction that if plaintiff thought he had so stopped his wagon as to leave room for the car to pass, and defendant's driver also thought he had room to pass, and both were mistaken, plaintiff could not recover. *Held,* that it was properly refused; for, if plaintiff's thought was the result of observation and prudent judgment, and defendant's driver's thought was not, plaintiff would be free from, and defendant's driver guilty of, negligence.

2. SAME.
   It was proper to refuse to charge that if plaintiff knew that his wheels were standing on defendant's track, and saw the car approaching at a rate of speed that rendered a collision imminent, and he made no attempt to avoid that collision, he was negligent. Plaintiff was not bound, as matter of law, to believe that the rate of speed, which, when first observed, if continued, would end in a collision, would in fact continue.

3. SAME—DAMAGES—EVIDENCE.
   Where plaintiff testified that he hired two men to do in his business what he had done himself before the accident, he was properly allowed to state what he had paid those men, and the reasonable value of their services.

Appeal from jury term.

Action by Charles B. Gumb against the Twenty-Third Street Railroad Company to recover damages for personal injuries, and injury to a wagon, in a collision with one of defendant's horse-cars. There was a verdict for plaintiff for $500. From the judgment rendered thereon defendant appeals. For opinion and statement on a former appeal to court of appeals, see 21 N. E. Rep. 993.

Argued before SEDGWICK, C. J., and TRUAX, J.

*Leslie A. Russell* and *Wilton Percy,* for appellant. *H. B. Classon* and *Charles M. Hough,* for respondent.

SEDGWICK, C. J. The testimony required that the court should submit to the jury the issue that related to the negligence of defendant, and the absence of negligence of plaintiff. In my opinion, the court was right in refusing the request of defendant to charge "that if, as matter of fact, the plaintiff thought he had so stopped his wagon as to leave room for the defendant's car to pass, and the defendant's driver also thought he had room to pass, and both were mistaken, the plaintiff cannot recover." This was not correct; for, if the plaintiff's thought was the result of the exercise of observation and a prudent judgment required by the circumstances, and, on the other hand, the defendant's driver's thought was without previous observation and prudent judgment, the plaintiff would be free from negligence, and the defendant's driver would be guilty of it. The same consideration applies to the request to charge that if the plaintiff stopped his wagon just across the track, without looking at all to see whether he had left room for the car to pass, and the defendant's driver thought he had room to pass, but misjudged the distance, the

plaintiff cannot recover. It was not matter of law that the plaintiff should have looked to see where the hind wheels of his wagon were. It was for the jury to determine whether ordinary prudence would require the plaintiff to look; and it may have been negligence in the driver to think that he had room to pass.

Another request was to charge the jury that if the jury believe that the plaintiff knew that his wheels were standing upon defendant's track, and saw the car approaching at a rate of speed that rendered a collision imminent, and he made no attempt to avoid that collision, he was negligent. I think there was no error in refusing to charge this. The facts would permit the jury to find that no attempt that a due diligence would call upon the plaintiff to make would have resulted in avoiding the collision; and the plaintiff was not, as a matter of law, bound to believe that the rate of speed which, when first observed, if continued, would end in a collision, would in fact continue.

The plaintiff gave on the trial testimony which would have justified the jury in finding that the bodily injuries he had received in the accident prevented him from attending to his business. He was a butcher. He testified, further, that he hired two men, who did in his business what he had done before the accident. He was then asked what he had paid those men. The question was objected to on the ground that what was paid was no part of damages that the plaintiff had a right to recover. My opinion is that the plaintiff had a right to repair the wrong done in disqualifying him from attending to his business, and the reasonable expense of repairing that wrong might be recovered. The witness testified what he paid, and also that the sum paid was the reasonable value of the services. He was qualified to testify as to such reasonable value. Of course, if the plaintiff should recover these sums, he was not entitled also to recover damages from his being disenabled to attend to his business. Such a question was not raised upon the objection, and it would have been matter for direction to the jury subsequently. The direction to the jury on this subject was correct, and was not excepted to. *Hoffman* v. *Ferry Co.*, 68 N. Y. 385. Judgment and order appealed from affirmed, with costs.

### APPEAL FROM ORDER DENYING MOTION FOR A NEW TRIAL.

PER CURIAM. The court at special term had discretionary power to make the order appealed from. The court last referred to in section 1189 of the Code of Civil Procedure is the trial court, and the court at special term. No such inference as is claimed by the appellant can fairly be drawn from the fact of the appearance in the Code of sections 3016 and 3176. These provisions were incorporated in the Code in order to make it matter of absolute right for a prevailing party to remit part of a verdict, and to render an application to the court unnecessary. In other proper cases, the application is addressed to the discretion of the court. It does not appear that there was an improper exercise of discretion in granting the order. It should therefore be affirmed.